UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Douglas Johnson,

        Petitioner,

v.

United States of America,

        Respondent.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 4-92-143 ADM

_____

Douglas Johnson, *pro se*.

David J. MacLaughlin, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Respondent.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Petitioner Douglas Johnson's ("Petitioner") Rule 60(b) Motion [Docket No. 96]. Petitioner seeks relief from his sentence, arguing that Amendments 591 and 599 to the United States Sentencing Guidelines ("U.S.S.G.") require a reduction in his sentence, and that his sentence was impermissibly lengthened based on facts found by the trial judge rather than by a jury. For the reasons set forth below, Petitioner's Rule 60(b) Motion is denied for lack of subject matter jurisdiction.

## II. BACKGROUND

Petitioner was found guilty by jury verdict of aggravated bank burglary, use of a firearm during a crime of violence, and possession of a firearm by a felon. See 18 U.S.C. §§ 2113(a), (d), 924(c), and 922(g). On April 16, 1993, then-Chief District Judge Diana E. Murphy sentenced Petitioner to a term of 292 months. Judgment [Docket No. 56]. Petitioner received

the mandatory minimum sentence of sixty months under § 924(c), and the application of a cross reference provision of U.S.S.G. § 2K2.1(c)(1)(A) to the felon-in-possession count. In cross-referencing to the crime of attempted murder, U.S.S.G. § 2A2.1 was applied. On direct appeal, the Eighth Circuit affirmed the application of the cross-reference provision to Petitioner's sentence. United States v. Johnson, 12 F.3d 1103 (8th Cir. 1993).

Subsequently, Petitioner filed two motions for post-conviction relief. Both motions were denied. First, on August 19, 1997, Petitioner's 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel was dismissed with prejudice. Order Denying § 2255 Motion [Docket No. 78]. Second, on November 1, 2001, Petitioner's motion for modification of his sentence under 18 U.S.C. § 3582(c)(2) was denied. Order Denying § 3582 Motion [Docket No. 92]. The latter order rejected Petitioner's argument that Amendments 591 and 599 to the U.S.S.G. were grounds for reduction of his sentence. The Eighth Circuit affirmed this ruling in a per curiam opinion [Docket No. 94].

On May 15, 2006, Petitioner filed the Motion currently before the Court, which he has styled as a Rule 60(b) Motion [for] Relief from Judgment or Order. Petitioner again cites Amendments 591 and 599 to the U.S.S.G. as grounds for relief from his sentence. Additionally, Petitioner cites United States v. Booker, 543 U.S. 220 (2005), as support for his contention that his sentence was impermissibly lengthened based on facts found by the trial judge. In response, the Government argues that Petitioner's Rule 60(b) Motion should be treated as a successive 28 U.S.C. § 2255 motion and denied because Petitioner failed to obtain a certificate of appealability from the Eighth Circuit. See 28 U.S.C. §§ 2255 (final paragraph), 2244(b)(3)(A).

### III. DISCUSSION

A federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion with the trial court under 28 U.S.C. § 2255. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). In the instant case, the Government argues that Petitioner's Rule 60(b) Motion is a collateral attack on his sentence and therefore should be treated as his second § 2255 motion. Since Petitioner did not obtain the certification necessary to file a second § 2255 motion, the Government argues that Petitioner's Rule 60(b) Motion should be dismissed. See Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002).

To avoid this result, Petitioner argues that under the Supreme Court's decision in Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641 (2005), his Rule 60(b) Motion should not be treated as a second § 2255 motion. In Gonzalez, the district court dismissed a state prisoner's 28 U.S.C. § 2254 habeas petition as barred by the statute of limitations in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d). Gonzalez, 125 S. Ct. at 2645. The state prisoner did not appeal. Id. Subsequently, the Supreme Court's decision in Artuz v. Bennett, 531 U.S. 4 (2000), compelled the conclusion that the district court's statute of limitations analysis was flawed. Gonzalez, 125 S. Ct. at 2645. In light of Artuz, the state prisoner filed a Rule 60(b) motion seeking relief from the district court's dismissal of his habeas petition. Id.

On these facts, the Supreme Court held that the state prisoner's Rule 60(b) motion was not the functional equivalent of a successive habeas petition because "neither the [Rule 60(b)] motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction." Id. at 2648. The Gonzalez Court explicitly limited its holding to § 2254 habeas cases. Id. at 2646 n.3.

Assuming for the sake of argument that Gonzalez applies to Rule 60(b) motions brought by federal prisoners, Petitioner's Rule 60(b) Motion would still be treated as a second § 2255 motion because, unlike the motion in Gonzalez, Petitioner's Motion seeks substantive relief from his sentence. Here, Petitioner's Rule 60(b) Motion is a collateral attack on his sentence and therefore is the functional equivalent of a second § 2255 motion. As a result, Petitioner was required to obtain a certificate of appealability from the Eighth Circuit. 28 U.S.C. §§ 2255 (final paragraph), 2244(b)(3)(A). Since Petitioner has not obtained the necessary certification, this Court lacks subject matter jurisdiction to consider the merits of Petitioner's claims for relief from his sentence. Petitioner's Rule 60(b) Motion must be denied.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Rule 60(b) Motion [Docket No. 96] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 12, 2006.